# IN THE UNITED STATES DISTRICT COURT, DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| RALPH CHOQUETTE,<br><br>Plaintiff,<br><br>v.<br><br>DALE WILLIAMS,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER REGARDING PLAINTIFF'S SHORT FORM DISCOVERY MOTIONS<br><br>Case No. 2:17-cv-00043-DAK-PMW<br><br>District Judge Dale A. Kimball<br><br>Chief Magistrate Judge Paul M. Warner |

District Judge Dale A. Kimball referred this case to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court are Plaintiff's Short Form Discovery Motion to Compel Defendant to Produce Recorded Statement He Gave to His Auto Insurer Six Days After the Accident (the "Motion to Compel Recording")[2] and Plaintiff's Short Form Discovery Motion to Compel Deposition of Dean Moncur (the "Motion to Compel Deposition").[3] Having reviewed the parties' briefs and the relevant law, the court renders the following Memorandum Decision and Order.[4]

---

[1] *See* docket no. 15.

[2] *See* docket no. 14.

[3] *See* docket no. 19.

[4] Pursuant to civil rule DUCiv R 7-1 and DUCivR 37-1, the court elects to determine the present motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary.

## BACKGROUND

Plaintiff filed a lawsuit against Defendant on December 12, 2016.[5] The complaint alleges that the automobile Defendant was driving struck Plaintiff while he was riding a bicycle.[6]

In Plaintiff's request for production ("RFP") No. 4, Plaintiff requested that Defendant "[p]roduce any written or recorded statements of any individual who witnessed any part of the incident and a privilege log for any such statement withheld under a claim of privilege."[7] Defendant responded, "None."[8] During his deposition, Defendant testified that he had given a recorded statement to his insurer.[9] Although he maintained his position that the recorded statement was not responsive to RFP No. 4, Defendant subsequently updated his privilege log to include the recording and claimed the work-product privilege.[10]

The Motion to Compel Recording seeks an order compelling Defendant to produce this recorded statement.[11] Defendant argues that the recorded statement is privileged as work-product obtained in anticipation of litigation.[12] The Motion to Compel Deposition seeks, in the

---

[5] *See* docket no. 2. The lawsuit was originally filed in the Third Judicial District Court in and for Salt Lake County, State of Utah. The action was removed to the United States District Court for the District of Utah, based on the diversity of the parties.

[6] *See* docket no. 2-1 at 4.

[7] Docket no. 14, at 11.

[8] *Id*.

[9] *See* docket no. 14 at 2.

[10] *See* docket no. 18-3, at 5.

[11] *See* docket no. 14.

[12] *See* docket no. 18 at 2.

alternative, to depose Dean Moncur, Defendant's insurance adjuster, regarding Defendant's claim that the recorded statement is work-product.[13] Plaintiff avers that if the Motion to Compel Recording is denied, the Motion to Compel Deposition is moot.[14]

## DISCUSSION

Pursuant to Rule 26, parties may discover "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "[D]ocuments and tangible things that are prepared in anticipation of litigation or for trial by another party or its representative (including the other party's . . . insurer . . .)" are not ordinarily discoverable. Fed. R. Civ. P. 26(b)(3)(A). "But . . . those materials may be discovered if . . . the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed R. Civ. P. 26(b)(3)(A)(ii).

The court agrees with Defendant that the statement provided to Defendant's insurer was obtained in anticipation of litigation, and is therefore privileged. In addition, the court finds that Plaintiff has not established, or even attempted to establish, the substantial need exception set forth in Rule 26(b)(3)(A)(ii). The court also agrees with Defendant that the privilege was not waived by the failure to identify Defendant's recorded statement and claim work-product privilege in response to RFP No. 4. RFP No. 4 requested the statements of witnesses to the incident, not parties thereto. Moreover, Defendant subsequently updated its privilege log, claiming the work-product privilege for the Defendant's recorded statement.

---

[13] *See* docket no. 19.

[14] *See id.* at 2.

For the foregoing reasons, the court hereby **DENIES** the Motion to Compel Recording. Accordingly, the Motion to Compel Deposition is hereby rendered **MOOT**.

IT IS SO ORDERED.

DATED this 7th day of November, 2017.

BY THE COURT:

PAUL M. WARNER
Chief United States Magistrate Judge