# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| RALPH CHOQUETTE,<br><br>    Plaintiff,<br><br>v.<br><br>DALE WILLIAMS,<br><br>    Defendant. | **ORDER**<br><br>Case No.: 2:17-cv-00043-DAK-PMW<br><br>District Judge Dale A. Kimball<br><br>Chief Magistrate Judge Paul M. Warner |

District Judge Dale A. Kimball referred this case to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court are Defendant Dale Williams' Motion to Extend the Deadline to Serve Defendant's Expert Reports (the "Motion to Extend"),[2] and Short Form Motion to Compel Production of Plaintiff's Bicycle (the "Motion to Compel").[3]

## **BACKGROUND**

The Motion to Extend seeks an extension of Defendant's deadline to serve his expert report to January 4, 2017, to allow Defendant's expert time to examine the bicycle involved in the accident at the accident site. The Motion to Compel seeks an order requiring Plaintiff to produce the bicycle at the accident site by no later than December 22, 2017. Defendant argues that his expert's examination of the bicycle at the accident site is necessary because Plaintiff's

---

[1] Docket no. 15.

[2] Docket no. 22.

[3] Docket no. 23.

expert examined the bicycle at the accident site, and formed opinion related to the scope of damage on that basis.

## DISCUSSION

Pursuant to Rule 16, "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Generally, parties may discover "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* Rule 37 permits a party to "move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a). "The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *Id.* "The district court has broad discretion over the control of discovery, and [the Tenth Circuit] will not set aside discovery rulings absent an abuse of that discretion." *Sec. & Exch. Comm'n v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010) (quotations and citations omitted).

Plaintiff does not object to an extension of time for Defendant to serve his expert report. Plaintiff does object to the production of the bicycle at the accident site, on the grounds that Defendant could have requested to inspect the bicycle there during fact discovery but did not. Plaintiff does not argue that he will be prejudiced if Defendant's request is granted, nor has he claimed any privilege.

Instead, Plaintiff argues that because "Defendant did not propound a request to inspect the bike at the scene pursuant to Rule 34," Defendant's motion for an order to compel is

improper.[4] The court is unpersuaded by this argument. In compliance with Rule 37, Defendant certified in the Motion to Compel that the parties' counsel conferred through telephone conferences on December 11 and 12, 2017, regarding this request.[5] Plaintiff does not deny this. His citation to a Utah State Supreme Court case is not persuasive support for his argument that Defendant's informal request precludes an order to compel. The Tenth Circuit rejected the argument of a property owner "that it was not required to produce any documents[,]" where the plaintiff "never made a formal Rule 34 motion, [but] it did make informal requests for documents, and the magistrate judge ordered that those documents be produced." *Kern River Gas Transmission Co. v. 6.17 Acres of Land, More or Less, in Salt Lake Cty., Utah*, 156 F. App'x 96, 101 (10th Cir. 2005); *see also Lujan v. Exide Techs.*, No. 10-4023-JTM, 2011 WL 1594952, at *3 (D. Kan. Apr. 27, 2011) ("[W]hen one party responds to another's informal request, resort to a motion to compel is an acceptable next step.")

## **CONCLUSION AND ORDER**

The court finds that there is good cause for Defendant's expert to examine the bicycle involved in the accident at the accident site. However, the court declines to order the production of the bicycle by December 22, 2017, as requested by Defendant. Plaintiff shall produce the bicycle at the location of the accident at a time mutually agreed upon the parties, but no later than December 27, 2017. Defendant's deadline to serve his expert report is extended to Friday, January 5, 2018.

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion to Extend is

---

[4] Dkt. no. 25 at 2.

[5] Docket no. 23 at 3.

GRANTED IN PART and DENIED IN PART, and Defendant's Motion to Compel is GRANTED IN PART and DENIED IN PART.

    IT IS SO ORDERED.

    DATED this 20th day of December, 2017.

                            BY THE COURT:

                            PAUL M. WARNER
                            Chief United States Magistrate Judge